# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

IN RE DMCA SUBPOENA TO X CORP.          CIVIL ACTION NO.: 4:25-mc-14

                                                                                                 SECTION:

## REQUEST TO THE CLERK FOR ISSUANCE OF SUBPOENA PURSUANT TO 17 U.S.C. § 512(h)

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** James Reeves ("Reeves" or "Petitioner"), hereby requests that the Clerk of this Court, pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. 512(h), issue the proposed subpoena to X Corp. to identify certain alleged infringers of certain works in which Reeves is the copyright owner, as set forth in the supporting Declaration of James Reeves ("Reeves Decl.") being filed concurrently herewith. In support of its request, Petitioner submits and attaches the following: (1) a proposed subpoena (see Exhibit A); (2) a sworn declaration attesting that the purpose for which the DMCA subpoena is sought is proper under the DMCA (see Reeves Decl.); and (3) a copy of the Section 512(c)(3)(A) notice sent at Petitioner's direction to X Corp. (see Schedule 1 to Reeves Decl.) In further support of its request, Petitioner provides the following arguments for the benefit of the Court and for the benefit of the subpoena recipient.

    I.      Argument

Section 512(h) of the DMCA identifies the statutory requirements for a party to request

issuance of a subpoena to obtain information from a service provider for identification of copyright infringers. First Amendment concerns that may be implicated in some DMCA Section 512(h) subpoenas are typically raised in a motion to quash. Here, in an effort to preserve court resources, litigation costs, and avoid the delays associated with motion to quash, Petitioner provides the following additional context in support of its request for a subpoena.

    a. **Statutory requirements for a DMCA subpoena to issue are met.**

Section 512(h) of the DMCA reads, in part: "A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer […]." 17 U.S.C. 512(h)(1). Along with the DMCA takedown notice, a proposed subpoena, the requesting party must submit a "sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title." 17 U.S.C. 512(h)(2).

Here, through his submitted sworn declaration and documentary evidence, Petitioner has complied with the statutory requirements under 17 U.S.C. 512(h) for the issuance of a subpoena. See Reeves Decl.; Schedule 1 to Reeves Decl.

    b. **First Amendment protections do not prevent issuance of the subpoena.**

Some courts (and parties) take the view that unmasking the identities of anonymous speakers on the internet requires additional steps not identified in the DMCA to adequately protect users' free speech rights under the First Amendment. See, e.g., *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876-79 (N.D. Cal. June, 21, 2022) ("*Bayside*").

Free speech protections under the First Amendment extend to anonymous speech on the Internet. *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997); *Brown v. Entm't Merch. Ass'n*, 564 U.S. 786, 790 (2011). While the right to speak anonymously is not absolute, First Amendment safeguards may apply when a litigant seeks to unmask an anonymous speaker on the Internet in purported efforts to pursue claims against that person. *Bayside*, at 876-79 (citations omitted); *Baugher v. GoDaddy.com LLC*, 2021 WL 4942658, at *2-3 (D. Ariz. Oct. 22, 2021). However, "to the extent that anonymity is used to mask copyright infringement . . . it is unprotected by the First Amendment." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010). Courts in this District and elsewhere may accordingly decline heightened First Amendment scrutiny to the speech itself when an individual "effectively use[s] his privacy interest to operate anonymously on the Internet to hide copyright infringement." See *Strike 3 Holdings, LLC v. Doe*, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018). While the First Amendment may not ultimately protect the speech at issue, courts nevertheless generally conduct a First Amendment analysis in the unmasking process.[1]

At least one court has held that, for a DMCA subpoena to be used to unmask an anonymous speaker on the Internet consistent with the First Amendment safeguards, a two-step inquiry must be undertaken, regardless of whether the speech is commercial or non-commercial. See *Bayside* "First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its

---

[1] Petitioner does not concede that courts always apply First Amendment scrutiny to the process of analyzing whether to unmask an anonymous speaker, or that such scrutiny is necessary here. Petitioner nonetheless believes it has satisfied the First Amendment test applicable to those circumstances as set forth in the case law cited herein, should that test be applied.

underlying claim.". This is a higher standard than assessing merely whether a party has adequately pleaded its claims. *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639 (N.D. Cal. 2020).

Second, the court balances the need for the discovery against the First Amendment interest at stake." *Id.; Digital Music News LLC v. Superior Court*, 226 Cal. App. 4th 216 (2014), disapproved on other grounds in *Williams v. Superior Court*, 3 Cal. 5th 531 (2017) ("*Digital Music*"); see also *Williams*, 3 Cal. 5th 531 ("Invasions of fundamental interests must be supported by a compelling need that overcomes the grave invasion of privacy"); *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979 (N.D. Cal. 2015) (withdrawing prior order because the speaker's First Amendment rights outweighed plaintiffs' need for the requested information).

Under this factor, the subpoenaing party must establish that it has a compelling need for the user data it seeks relating to the anonymous speaker. In that balancing inquiry, "Courts consider four factors: whether '(1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source.'" *Castro v. Doe*, No. 23-MC-80198-TSH, 2023 WL 9232964 (N.D. Cal. Oct. 12, 2023) (quoting *Rich v. Butowsky*, No. 20-MC-80081-DMR, 2020 WL 5910069 (N.D. Cal. Oct. 6, 2020)).

This applies regardless of whether the party seeking disclosure has served a third-party subpoena under Fed. R. Civ. P. 45 or a subpoena under the DMCA. *Bayside*, 608 F. Supp. 3d 868;

*Baugher v. GoDaddy.com LLC*, 2021 WL 4942658 (D. Ariz. Oct. 22, 2021); *In re Subpoena to Reddit, Inc.*, 2024 WL 477519 (N.D. Cal. Feb. 7, 2024). It applies even in the context of allegedly commercial speech. *Music Grp. Macao Com. Offshore Ltd.*, 82 F. Supp. 3d 979.

Here, Petitioner has satisfied both aspects of this two-part test and is entitled to issuance of a subpoena that would unmask anonymous users here. Petitioner has demonstrated a prima facie case for copyright infringement. Petitioner is the copyright owner for the original works being copied by the X Corp. accountholder at issue in the requested subpoena. (Reeves Decl.; Schedule 1 to Reeves Decl.) This fact is uncontested. Petitioner has also demonstrated that the alleged infringer violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. (Reeves Decl. ("Petitioner recently discovered that certain original content to which he owns the copyrights has been, in whole or in part, copied, published, displayed, and/or distributed without authorization by anonymous internet users using the X platform (formerly known as Twitter) owned and operated by X Corp."); Schedule 1 to Reeves Decl. (DMCA takedown notice identifying the infringer accounts, including the X account "@BasedSolutions1," and instances of the copyrighted works being copied on X Corp.'s platform).)

Likewise, Petitioner can demonstrate that his need for the subpoenaed information outweighs any First Amendment interests. All four factors weigh in favor of granting the subpoena: (A) the subpoena is sought in good faith, i.e., to pursue copyright claims against the infringers; (B) the information sought relates to a core claim, i.e., copyright infringement; (C) the identifying information is directly and materially relevant to that claim, i.e., the identities of the infringers,

which are necessary to bring copyright claims against them; and (D) the information sought is unavailable from any other source, because the infringement occurred on X Corp.'s platform by X users for whom only X Corp. holds account information and identifying information.

## II. Conclusion and Request

For all the foregoing reasons, Petitioner respectfully requests the issuance of the enclosed, proposed subpoena.

Dated: September 23, 2025

        Respectfully submitted:
        **MELCHIODE MARKS KING LLC**

        */s/ Gerald A. Melchiode*

        _____
        **GERALD A. MELCHIODE (TX Bar: 24052190)**
        639 Loyola Avenue, Suite 1800
        New Orleans, Louisiana 70113
        Telephone: (504) 336-2880
        Facsimile: (504) 336-2342
        Email: gmelchiode@mmkfirm.com
        Counsel for Petitioner, James Reeves